UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JONATHAN ROSS ALVEY** | CIVIL ACTION NO. _____ |
| VS. | JUDGE _____ |
| **THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT and OFFICER MARVIN MARTIN, In His Individual Capacity** | MAGISTRATE _____ |

## VERIFIED CIVIL RIGHTS COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, JONATHAN ROSS ALVEY, ("Mr. Alvey") a person of the full age of majority and resident/domiciled in Lafayette Parish, Louisiana, who, for his complaint, respectfully represents that:

### JURISDICTIONAL STATEMENT

1.

This case arises under Title 42 U.S.C. § 1983 and 1988, the Forth Amendment and Fourteenth Amendments to the Constitution of the United States of America with claims for unlawful seizure and excessive force. This Honorable Court has Federal Question jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

2.

This court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367 including, but not limited to, false arrest and battery, all pursuant to Louisiana Civil Code Articles 2315, 2316, 2320 and Article 1, Section 2, 3, 5 and 7 of the Louisiana Constitution of 1974.

## DEFENDANTS

3.

Made defendants herein are the following:

A) **OFFICER MARVIN MARTIN**, ("Officer Martin"), in his individual capacity, but at all times relevant herein, a person of the full age of majority who was at all times material hereto employed by the Lafayette City-Parish Consolidated Government as a Lafayette police officer and was acting in the course and scope of his employment with the Lafayette City-Parish Consolidated Government, and each of the acts of Officer Martin were under the color of authority of statutes, ordinances, regulations, customs and usages of the State of Louisiana;

B) **THE LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**, ("LCG"), a local government subdivision organized under the home rule charter in accord with Article VI, Section 5 of the Louisiana Constitution of 1974, and the employer of Officer Marvin Martin and, thus, responsible under Louisiana law for the actions of Officer Martin taken in the course an scope of his employment with LCG, under the doctrine of *respondeat superior*. **LCG is only being sued pursuant to this court's supplemental jurisdiction and is not liable for punitive damages.**

## BACKGROUND

4.

On or about April 15, 2021, complainant Mr. Alvey was arrested in Lafayette, Louisiana by an officer employed by the Lafayette Police Department for the misdemeanor charge of Resisting an Officer (L.R.S. 14:108), while the officer was investigating a disturbance call involving Mr. Alvey and his girlfriend in the parking lot of her place of employment.

5.

Upon information and belief, the first Lafayette police officer to arrive on the scene and make contact with Mr. Alvey, was Officer Martin, a 6' 3" former University of Louisiana football team defensive lineman.

6.

Upon information and belief, at initial contact with Mr. Alvey, Officer Martin brutally attacked, beat, and battered Mr. Alvey. **It is further believed and should be noted that the entire encounter between Mr. Alvey and Officer Martin was captured on Officer Martin's body camera, dash camera, and privately owned cameras in the immediate area, and that said footage is believed to be within the custody and control of LCG.**

7.

Upon information and belief, immediately after making initial contact with the complainant, Officer Martin threw Mr. Alvey, a 5' 8" gentleman, against a vehicle, then forced Mr. Alvey to his knees, then onto the ground. Once Mr. Alvey was on the ground, Officer Martin got on top of Mr. Alvey and began beating him with his fists to the head, ribs, and stomach.

8.

Upon information and belief, Officer Martin continued to violently batter Mr. Alvey until the moment that the scene was illuminated by the headlights of the arriving second officer's vehicle.

9.

Upon information and belief, after the second officer arrived on scene, Officer Martin placed Mr. Alvey in handcuffs and under arrest, without probable cause, for the misdemeanor charge of Resisting an Officer (L.R.S. 14:108), and locked Mr. Alvey into the back-seat cage of a Lafayette police vehicle.

10.

Upon information and belief, Officer Martin exhibited deliberate indifference to the safety of Mr. Alvey, when he violently attacked and battered Mr. Alvey causing Mr. Alvey to suffer severe injuries to his left knee, post-traumatic stress disorder, and other injuries that Mr. Alvey will continue to suffer for the foreseeable future.

11.

Upon information and belief, as a result of his April 15, 2021 arrest by Officer Martin, Mr. Alvey was charged by Bill of Information by the Lafayette City Prosecutor's Office with having violated L.R.S. 14:108 Resisting an Officer. The subsequent criminal prosecution of Mr. Alvey continued until the City Prosecutor's Office Nol-Prossed and/or dismissed the charge against Mr. Alvey on September 13, 2021, one hundred, fifty-one (151) days after his arrest, for lack of probable cause.

## FEDERAL CAUSES OF ACTION

12.

When Mr. Alvey was unlawfully seized and injured by Officer Martin, Mr. Alvey had a clearly established right to be free from unlawful seizure and excessive force. It was clearly established at that time that Officer Martin had to have probable cause to seize Mr. Alvey, and that the amount of force that a police officer could use depended on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee. Mr. Alvey, who had not and was not committing the crime of Resisting an Officer and/or any other crime at the time, did not resist or attempt to flee, although he had a constitutional right to do so.

13.

Under the circumstances of Mr. Alvey's arrest, a reasonable officer would have known that there was no probable cause to arrest Mr. Alvey and that the degree of force used on Mr. Alvey was unconstitutionally excessive. At all times pertinent hereto, Officer Martin knew, or should have known, that the aforementioned constitutional rights were clearly established under federal law. What Officer Martin did was objectively unreasonable.

14.

Mr. Alvey has suffered significant compensatory damages because of the actions of Officer Martin for which he is entitled to recover an amount of money reasonable in the premises. As a result of the actions of Officer Martin, Mr. Alvey has suffered enormous shock, humiliation, embarrassment, physical and mental pain and suffering, (past, present, future) including but not limited to, an aggravation/increase of a torn ACL of the left knee, post traumatic stress disorder, and concussion, as well as incurred medical expenses and related incidental expenses.

15.

Because the acts of Officer Martin was in reckless and callous indifference to Mr. Alvey's constitutional rights, Mr. Alvey is entitled to recover punitive damages from Officer Martin in an amount reasonable in the premises.

16.

Mr. Alvey is entitled to judicial interest from the date of judicial demand, court costs, and reasonable attorney's fees and expenses.

**LOUISIANA CAUSES OF ACTION**

17.

Officer Martin is liable to Mr. Alvey for false arrest and excessive force/battery.

18.

LCG is liable under the doctrine of *respondeat superior* to Mr. Alvey for the tortious acts of Officer Martin, over whom LCG had the right of control and supervision, all of which were done by Officer Martin in the course and scope of his employment with LCG and with the express and implied consent of LCG.

19.

Mr. Alvey has suffered significant compensatory damages because of the actions of Officer Martin for which he is entitled to recover an amount of money reasonable in the premises. As a result of the actions of Officer Martin, Mr. Alvey has suffered enormous shock, humiliation, embarrassment, physical and mental pain and suffering, (past, present, future) including but not limited to, an aggravation/increase of a torn ACL of the left knee, post traumatic stress disorder, and concussion, as well as, incurred medical expenses and related incidental expenses.

**WHEREFORE**, Jonathan Ross Alvey, prays that all of the Defendants be served with this Verified Civil Rights Complaint and legal citation and that, after the lapse of all legal delays and due proceedings are had, there be judgment rendered herein in favor of Complainant, Jonathan Ross Alvey, on the Louisiana causes of action against defendants, Officer Marvin Martin and Lafayette City-Parish Consolidated Government, jointly, severally, and in solido for all compensatory damages that are reasonable in the premises, due and owing, for legal interest from the date of judicial demand on the amounts awarded, for the court costs of all these proceedings; and for the federal constitutional causes of action against Officer Martin, a judgment for compensatory and punitive damages against Officer Martin that are reasonable in the premises, together with legal interest thereon from the date of judicial demand, court costs, and reasonable attorneys fees and expenses.

Respectfully submitted:

LAW OFFICE OF JOSEPH F. GAAR, JR., APLC

BY: _____
JOSEPH F. GAAR, JR. (#16927)
LUCAS S. COLLIGAN (#31671)
DOUGLAS A. LEE II (#34637)
TOBY J. AGUILLARD (#25330)
114 Representative Row
Lafayette, Louisiana 70508
Telephone: (337) 233-3185
Facsimile: (337) 233-0690
**ATTORNEYS FOR PLAINTIFF,
JONATHAN ROSS ALVEY**

**PLEASE SERVE:**

**OFFICER MARVIN MARTIN**
Through his current place of employment:
Rayne Police Department
200 Oak Street
Rayne, Louisiana 70578

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT**
Through its Mayor-President:
Josh Guillory
705 West University Avenue
Lafayette, Louisiana 70506